IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Lee Pelzer, #311633, | C. A. No. 2:10-1603-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael McCall, Florence Mauney, Andrew Cooper, Ms. Bratton, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate for a report with recommendations on the plaintiff's motion for a preliminary injunction (Docket # 33) as provided for in Title 28, United States Code, Section 636(b), and the local rules of this court.

On October 12, 2010, Thomas Pelzer, the plaintiff herein, moved for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure to require the defendants, authorities with the South Carolina Department of Corrections, to transfer him from Perry Correctional Institution where he is presently housed to another prison because his only access to knowledge of current events comes through a newsletter distributed by the Chaplain's Office. Plaintiff complains that in addition to news of current events, the newsletter contains many references to Christianity and, in essence, forces him to participate in Christianity in violation of his first amendment rights.

The defendants have responded asserting that the plaintiff has not met the basic requirements for the issuance of a preliminary injunction.

The requirements for granting preliminary relief are well known. In <u>Direx Isreal, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 811 (4th Cir. 1991), the Fourth Circuit Court of Appeals outlined the precise analytical framework which courts must employ in determining whether to grant preliminary relief. First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court denies his request. <u>Id.</u> at 812-13. Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of harm to the defendant from the grant of such relief." <u>Direx Israel</u>, 952 F.2d at 812. Third, if the balance tips decidedly in favor of the party requesting preliminary relief, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." <u>Id.</u> at 813. However, "if the balance does not tip decidedly there must be a strong probability of success on the merits." <u>Id.</u> Fourth, the court must evaluate whether the public interest favors granting preliminary relief.

We review the award of preliminary relief for an abuse of discretion. <u>Id.</u> at 811. <u>Multi-Channel TV Cable Company v. Charlottesville Quality Cable Operating Company</u>, 22 F.3d 546, 551 (4th Cir. 1994).

Here the plaintiff has failed to present anything to the court which supports the granting of a preliminary injunction. He presents no evidence that the newsletter provided by the Chaplain's Office forces him to participate in Christianity because he is dependent on it for news.

Nevertheless, even if his allegations were true, there is nothing here which indicates the plaintiff will suffer irreparable harm absent an extraordinary order from this court. Irreparable harm is defined as "an injury for which a monetary award cannot be adequate compensation." <u>Jackson Dairy Inc. v. H. P. Hood & Sons, Inc.</u>, 596 F. 2d 70 (1979). "The key word in this consideration is 'irreparable'." Mere injuries, however, substantial, terms of money, time and energy necessarily expended in the absence of an injunction, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Sampson v. Murray</u>, 415 U.S. 61 (1974) (quoting <u>Virginia Petroleum Jobbers Assoc. v. Federal Power Comm'n.</u>, 259 F. 2d 921, 925 (D.C. Cir. 1958)).

Preliminary injunctions are remedies that are only granted sparingly and in limited circumstances. <u>MicroStrategy Inc. v. Motorola, Inc.</u>, 245 F.3d 335, 341 (4th Cir. 2001). The award of preliminary relief is entrusted to the sound discretion of the district court. <u>Id.</u> at 811. <u>Multi-Channel Tv Cable Company v. Charlottesville Quality Cable Operation Company</u>, 22 F. 3d 546, 551 (4th Cir. 1991).

The plaintiff's allegations and the affidavit of Chaplin Cooper submitted by the defendants fail to show that he will suffer irreparable injury if interim relief is denied. There is no showing that is being required to participate in any religious service or to practice any religion. The fact that the weekly newsletter may contain some references to Christianity does not force the Plaintiff to participate in or adopt that religion, and is insufficient to "clearly show" he will suffer irreparable injuries as required by Rule 65. The plaintiff has failed to articulate a claim of irreparable injuries.

Accordingly, it is recommended that this motion be denied.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 1, 2010

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).