IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Thomas Lee Pelzer, #311633,           )
                                      )    C/A No. 8:10-1603-MBS-JDA
                Plaintiff,            )
                                      )
        vs.                           )          **O R D E R**
                                      )
Michael McCall, Florence Mauney,      )
Andrew Cooper, Ms. Bratton,           )
                                      )
                Defendants.           )
_____ )

Plaintiff Thomas Lee Pelzer is an inmate in custody of the South Carolina Department of Corrections.  He currently is housed at Perry Correctional Institution in Pelzer, South Carolina. Plaintiff, proceeding pro se, brought this action on June 23, 2010, asserting that Defendants have violated the establishment clause by providing him with a newsletter distributed by the prison Chaplain's Office and containing references to Christianity.  Plaintiff, who professes to adhere to a type of Islam religion, contends that the newsletter is his only source of current events, and that by reading it he is forced to participate in Christianity.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.[1]  On November 8, 2010, Plaintiff filed a motion for preliminary injunction seeking a transfer to another prison (ECF No. 33). Defendants filed a response in opposition to Plaintiff's motion on November 29, 2010, to which Plaintiff filed a reply on December 8, 2010.  On February 2, 2011, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion for preliminary

_____

[1] The case is now reassigned to Magistrate Judge Jacquelyn D. Austin.

injunction be denied.  Plaintiff filed objections to the Report and Recommendation on February 11, 2011.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

In order to prevail on a motion for injunctive relief, Plaintiff has the burden of meeting all four requirements set forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).  Plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities tips in his favor, and (4) injunctive relief is in the public interest.  In this case, the Magistrate Judge noted that Plaintiff failed to demonstrate that he is being required to participate in any religious service or to practice any religion.  Thus, the Magistrate Judge determined that Plaintiff had made no showing that he would suffer irreparable harm if interim relief is denied.

In his objections, Plaintiff asserts that he is dependent on the prison newsletter for current events, and that he inevitably is forced to participate in Christianity via reading the newsletter's Christian-based content.  However, it is direct penalization, as opposed to incidental inhibition, of First Amendment rights that constitutes irreparable injury.  See Legend Night Club v. Miller, 2011 WL 541136 (4th Cir. Feb. 17, 2011) (quoting Hohe v. Casey, 868 F.2d 69, 72-73 (3d Cir. 1989)).

In this case, there is no evidence that Defendants mandate that Plaintiff read the prison newsletter or that Defendants penalize him if he fails to do so.  Plaintiff has not met his burden of establishing irreparable injury.

Plaintiff's motion for injunctive relief (ECF No. 33) is **denied**.  The within action is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 6, 2011